# UNITED STATES BANKRUPTCY COURT
## Eastern District of New York

U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK

2018 JAN 22 P 3: 42

RECEIVED

In Re: SEAN M. MURRAY

Case No.: 1-17-44157-ess

Chapter: 7 Judge: Elizabeth S. Stong

## OBJECTION TO MOTION FOR RELIEF FROM STAY

COMES NOW SEAN M. MURRAY and submits the following response in opposition to the Motion for Relief from Stay filed by NATIONSTAR MORTGAGE LLC, (hereinafter "Nationstar"):

1. Answering Paragraph 1 of the Motion, the allegations contained therein are admitted.

2. Answering Paragraph 2 of the Motion, it is denied that the Movant is a Secured Creditor. It is further denied that the "Agreement" referenced establishes a perfected security interest and ability to enforce the terms of the Note. The remaining allegations in Paragraph 2 are denied.

3. Answering Paragraph 3 of the Motion, the allegations contained therein are denied as to the assertion the documents referenced "support (a) right to see a lift of the automatic stay and foreclose if necessary."

4. Answering Paragraph 4 of the Motion, the allegations contained therein are denied and are addressed in more detail below in defense against granting the motion.

5. Answering Paragraph 5 of the Motion, the allegations of default, the amount in arrears and total statement of indebtedness due contained therein are denied.

6. Answering Paragraph 6 of the Motion, the allegations contained therein are admitted.

7. Answering Paragraph 7 of the Motion, the allegations contained therein are admitted.

8. Answering Paragraph 8 of the Motion, the allegations contained therein are denied.

9. Answering Paragraph 9 of the Motion, the allegations contained therein are denied.

10. Answering Paragraph 10 of the Motion, the movant relies on the incorrect authority as explained below in defenses, and incorrectly asserts the value of the collateral as insufficient and unnecessary to an effective reorganization of the Debtor's assets, and as such the allegations contained therein are denied.

11. Answering Paragraph 11 of the Motion, the allegations contained therein are denied. Debtor's equity is sufficient for preservation of property interests, no evidence has been provided by Movant to substantiate any allegation of bad faith or negative intention meriting waiver of stay period imposed by Fed.R.Bank.P. 4001(a)(3).

12. Answering Paragraph 12 of the Motion, the allegations contained therein are denied as Nationstar has not perfected a valid lien interest giving rise to the prospect of surplus monies realized in a sale.

13. Answering Paragraph 13 of the Motion, the allegations contained therein are admitted.

As defense to Nationstar's motion for relief from stay, the Debtor states as follows:

14. The Motion for Relief from Stay should be denied because the motion contains fatal errors. Nationstar, through Attorney Barbara Whipple, has not properly established standing, failed to provide necessary supporting documents, relies on improperly demonstrated accounting and has requested improper relief in the proposed order based on an incorrect valuation omitting the debors equity making the cited authority inapplicable and seeking payment of costs and attorney's fees, which creates an inconsistency between section 362 (a)(d)(2) and section 506 (b) of the bankruptcy code. Movant has omitted publicly available pages from the UCC1 and UCC3 filings submitted as exhibits. These omitted pages contain the incorrect property description demonstrating assignments of the underlying collateral as void and unenforceable. The original and underlying UCC1 financing statement having a description of collateral that references a proprietary lease and Cooperative Living Corporation shares in a non existent Corporation.

15. NATIONSTAR MORTGAGE LLC IS NOT THE REAL PARTY IN INTEREST AND, THEREFORE, LACKS STANDING TO BRING THIS MOTION, Rule 17(a) of the Federal Rules of Civil Procedure provides that every action "shall be prosecuted in the name of the real party in interest." Rule 17(b) of the Federal Rules of Civil Procedure provides that the party filing the action must have the "capacity to sue or be sued." Here, Nationstar is not the real party in interest and therefore has no standing to bring this Motion against Debtor.

16. In order to determine whether Nationstar has standing and is entitled to relief under Section 362, it is necessary to consider who is entitled to enforce the Note under the substantive law that governs those rights, i.e., New York law. An "instrument" such as a secured note, may only be enforced by the "holder" of the note. To qualify as a holder of a note, the person must be in possession of the note and the note must be payable to that person. The payee of a note may negotiate it by indorsing and delivering it to another person who then becomes its holder and is entitled to enforce it.

17. Here, the Note at issue in this case is dated March 20, 2008, and the Note is made payable to HSBC MORTGAGE CORPORATION (USA) ("HSBC"). An Assignment which was made on December 15, 2016, transferred the Security Agreement from HSBC BANK USA, N.A.

to NATIONSTAR MORTGAGE LLC. This assignment however, is for a lien against nonexistent collateral. Although Nationstar also testifies (through Chastity Wilson, Assistant Secretary) that the Note was assigned to it as well, there is no evidence of any such assignment. That is, the Note attached to the Motion does not give any indication that it has been transferred. It shows HSBC MORTGAGE CORPORATION (USA) as the payee with no endorsement to Nationstar. Consequently, HSBC MORTGAGE CORPORATION (USA) remains the holder of the note and is the only entity entitled to enforce it. New York UCC 3-301; see In re Hayes, 393 B.R. 259 (Bankr.D.Mass.2008) (holding that where the movant seeking relief from stay failed to show that the note was ever transferred to it, the movant lacked standing to bring the motion and had no rights of its own to assert).

18. Where a creditor has an unperfected lien on a debtor's property, the Bankruptcy Code empowers a trustee to avoid and preserve the lien for the benefit of the estate. The trustee exercises this power through two strong-arm provisions. First, the trustee's right of avoidance under 11 U.S.C. § 544 "vests the trustee with the powers of a bona fide purchaser of real property for value, and allows the trustee to invalidate unperfected security interests." In re Sullivan, 387 B.R. 353, 357 (1st Cir. BAP 2008). Second, his right of preservation under 11 U.S.C. § 551 automatically preserves the benefit of the avoided interest for the estate by "put[ting] the estate in the shoes of the creditor whose lien is avoided." In re Carvell, 222 B.R. 178, 180 (1st Cir. BAP 1998). Together, these provisions benefit the unsecured creditors by allowing the trustee to eliminate unperfected liens on a debtor's property and subsequently to apply the value represented by those liens to the general estate, bypassing any junior lienholders. See In re French, 440 F.3d 145, 154 (4th Cir.2006) ("[T]he Code's avoidance provisions protect creditors by preserving the bankruptcy estate against illegitimate depletions."); In re Nistad, Bankr. No. 10-17453, 2012 WL 272750, at *5 (Bankr.D.Mass. Jan. 30, 2012) ("The purpose of 11 U.S.C. § 551 is to allow a trustee to preserve the avoided interest for the estate so that junior interest holders do not benefit from the avoidance to the detriment of the estate and its creditors.").

19. The UCC1 lien in Nationstar's exhibits in docket entry 26-1, correctly identifies the property address as 35-21 79th St Apt 4E, Jackson Heights, New York 11372, but incorrectly describes the Cooperative Living Corporation proprietary lease and shares that serve as collateral on line no. 4 in the financing statement and on line no. 25, naming the Coopertive Organization as 235-21 79th Street Tenants Corporation, a non-existent corporation. The April 19, 2013 UCC3 assignment from HSBC MORTGAGE CORPORATION (USA) to HSBC BANK USA, N.A. features incorrect property data block 1278 and lot 27 and an incorrect address of 35-46 79th St Apt 4E. The correct property address of 35-21 79th St Apt 4E is block 1279 lot 58, making the both HSBC's assignment and Nationstar's UCC3 assignment from HSBC BANK USA, N.A. on December 15, 2016 featuring on line no. 17 an incorrect description of the the property as real estate and not personal property, also void

20. Nationstar has provided Debtor documentation showing Freddie Mac to be the owner of the mortgage, but no mention of this exists in their pleadings or exhibits and they have not

produced evidence of the right to act on behalf of Freddie Mac. Under New York law, "[i]n a mortgage foreclosure action, a plaintiff has standing where it is the holder of both the mortgage and the underlying note when the action is commenced." Deutsche Bank Trust Co. Americas v. Vitellas, No. 14695/12, 2015 WL 3972098, at *4 (2d Dep't, July 1, 2015). When a note is assigned, "'the mortgage passes with the debt as an inseparable incident.'" Id. (quoting U.S. Bank, N.A. v. Adrian Collymore, 68 A.D.3d 752, 754, 890 N.Y.S.2d 578, 580 (2d Dep't 2009)). Therefore, a plaintiff, when not the original lender, may establish standing to foreclose under New York law "by showing either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action." Vitellas, 2015 WL 3972098, at *4 (internal quotation marks omitted).

21. NATIONSTAR'S MOTION LACKS FOUNDATION, IS NOT PROPERLY AUTHENTICATED AND CONTAINS FALSE AND MISLEADING STATEMENTS. In support of Nationstar's Motion, a declaration executed without notarization by Chastity Wilson, Assistant Secretary is attached and docketed as 26-2. DECLARATION IN SUPPORT OF MOTION BY NATIONSTAR MORTGAGE LLC FOR RELIEF FROM AUTOMATIC STAY. In paragraphs 2 and 3, Ms. Wilson testifies that she is "familiar with the types of records maintained by Nationstar Mortgage LLC in connection with the loan... They are: (a) made at or near the time of the occurrence of the matters recorded by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge; (b) made and kept in the usual and ordinary course of Nationstar Mortgage LLC's regularly conducted business activities; and (c) created by Nationstar Mortgage LLC as regular practice."

22. However, Ms. Wilsons's declaration lacks foundation as there is no admissible evidence that the servicing of the loan was assigned to her or that Freddie Mac or HSBC BANK NA has authorized Nationstar to act as its agent. Thus, Ms. Wilson's familiarity with Nationstar's procedures is irrelevant without some admissible evidence of a legal relationship between HSBC and Nationstar. The exhibits offered as business records and evidence do not contain an affidavit of default or a complete history of assignment and omit documents containing information detrimental to Nationstar.

23. In re Fagan, 376 B.R. 81 (Bankr. S.D. N.Y. Sept. 24, 2007): "Motions to lift the stay may be routine and inconsequential to secured creditors and their counsel. But to a debtor and his or her family, such a motion and the consequent loss of the family home may be devastating. Most creditors and counsel are conscientious. But some are callous by design or inadvertence, as exemplified by this motion and two others presented to the Court the same week. The danger here is that a debtor who does not have an attorney or the resources of intellect or spirit to defend against a baseless motion may lose his/her home despite being current on post-petition mortgage and plan payments.
I know of no way to protect against such an eventuality if no material consequence attaches to the filing of motions based upon false certifications of fact. Secured creditors and their

counsel who know that filing a false motion to lift the stay will result in material sanctions if caught will undoubtedly be motivated to a higher standard of care."

24. Nationstar's supporting documents contain false, misleading and possibly perjurious statements and omissions by Nationstar's Assistant Secretary Chastity Wilson, when weighed against Nationstar representative Chandler Williams' letter to New York State Department of Banking's Bonnie Filip regarding Nationstar's pre-petition efforts to wrongfully foreclose and for failing and refusing to respond to requests for payoff statements and qualified written requests for servicer summary statements and to validate, verify and substantiate under federal and state law the debt claimed owed. The letter to Bonnie Filip states Nationstar received a payment on August 15, 2017 pursuant to a payoff statement Gross Polowy LLC issued on Nationstar's behalf on August 8, 2017, which was valid through August 10, 2017, and is the subject of the Trustee's withdrawn application for rule 2004 examination of the debtor. USPS return receipts from the payment, signed by representatives of Gross Polowy LLC and Nationstar are dated August 10, 2017, making the payment complete, valid and not a short payoff as claimed by Nationstar. Furthermore, compliance with Part 419 Conduct of New York State Business Rules would require the servicer to apply partial payment instead of returning $238,176.42 for being short $309.78 in the event the payment was received August 15. The payment was received August 10th making this a false and misleading statement by Nationstar. The contract name and address referenced in Nationstar's correspondence and documentation regarding the loan is: ATTN: COMPLEX TEAM SV01, 1 Mortgage Way, Mount Laurel, New Jersey, 08054 and is not the property address or any mailing address of the Debtor. Available admissions and documentary evidence tend to support Debtor's allegations of Nationstar's egregious and intentional violations of Title 11 U.S.C. section 362, Title 18 U.S.C. sections 656 and 894, FDCPA and New York State Debt Collection Procedure, FCRA, RESPA and TILA, and employing representatives responsible for fraudulent, false and or misleading statements, simulations of legal or judicial process and sanctionable ethical and professional misconduct.

25. In docket entry 27, Memorandum of Law in support of Motion for Relief, opposing counsel states in paragraph 5, "that based on the stated value of the subject property, movants debt exceeds the value of the property and, therefore, movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1)." In Movant's Motion for Relief paragraphs 5 and 6, counsel makes note of the stated value of the property as $285,000.00 and the Secured Creditor's statement of the total amount due as $246,748.72, leaving $38,251.28 of debtors equity according to Nationstar's own improperly demonstrated filings and statements made under penalty of perjury. This apparent contradiction is false and misleading and an error that benefits Nationstar. Additionally, 11 U.S.C. § 362(d)(2)(A) conditions the court granting relief from stay to instances where a debtor has no equity in the subject property. Movant's own calculations and accounting prove 11 U.S.C. § 362(d)(1) to be inapplicable to their motion for relief.

26. For all of the foregoing reasons, Debtor respectfully requests that this Court deny Nationstar's Motion in its entirety, issue any appropriate sanctions and grant all other relief as may be just, equitable and proper.

Respectfully submitted,

Sean M. Murray

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

_____

In Re: SEAN M. MURRAY

CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK

2018 JAN 22  P 3: 42

RECEIVED

Case No.:        1-17-44157-ess

Chapter:         7

## CERTIFICATION OF SERVICE

1.  I, SEAN M. MURRAY.:

    ☐  am the Petitioner in this case and am representing myself.

2.  On Monday, January 22, 2018, I sent a copy of the following pleadings and/or documents to the parties listed in the chart below.

    OBJECTION TO MOTION FOR RELIEF FROM STAY
    LOSS MITIGATION REQUEST - BY DEBTOR
    (PROPOSED) LOSS-MITIGATION ORDER

3.  I certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Date:    Monday, January 22, 2018        Signature: SEAN M. MURRAY

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Richard McCord<br>Certilman Balin & Hyman<br>90 Merrick Avenue<br>East Meadow, NY 11554 | Attorney for Trustee and Trustee | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☑ Email PDF |

| | | |
|---|---|---|
| Office of the United States Trustee<br>Eastern District of NY (Brooklyn)<br>US Federal Office Building<br>201 Varick Street, Suite 1006<br>New York, NY 10014 | United States Trustee | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☑ Other |
| Nationstar Mortgage LLC<br>8950 Cypress Waters Blvd.<br>Coppell, TX 75019 | Creditor | ☐ Hand-delivered<br>☐ Regular mail<br>☑ Certified mail/RR<br>☑ Other |
| ROBERTSON, ANSCHUTZ & SCHNEID, P.L.<br>BANKRUPTCY DEPARTMENT<br>6409 CONGRESS AVE, SUITE 100<br>BOCA RATON, FL 33487 | Attorney for Creditor | ☑ Fed-Ex Tracking<br>771291298279<br>☑ USPS TRACKING<br>9470 1118 9956 0412<br>0286 12 |
| Robert A. Gavin, Jr.<br>Clerk of the Bankruptcy Court<br>271-C Cadman Plaza East, Suite 1595<br>Brooklyn, NY 11291-1800 | Clerk of the<br>Bankruptcy Court | ☑ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ Other |