```
                          United States Bankruptcy Court
                           Eastern District of New York
```

In re:                                                            Case No. 17-44157-ess
Sean M Murray                                                     Chapter 7
        Debtor
                              **CERTIFICATE OF NOTICE**

District/off: 0207-1           User: cteutonic             Page 1 of 1             Date Rcvd: Apr 11, 2018
                               Form ID: pdf000             Total Noticed: 4

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 13, 2018.
db             +Sean M Murray,    PO Box 1110,    Albany, NY 12201-1110
               +Gross Polowy LLC,   1775 Wehrle Drive, Suite 100,    Williamsville, New York 14221-7093
               +ROBERTSON, ANSCHUTZ & SCHNEID, P.L.,    BANKRUPTCY DEPARTMENT,    6409 CONGRESS AVE, SUITE 100,
                 BOCA RATON, FL 33487-2853
               +SPECIALIZED LOAN SERVICING, LLC,    8742 Lucent Blvd STE 300,    Highland Ranch, CO 80129-2386

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                 TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                 TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 13, 2018                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 11, 2018 at the address(es) listed below:
              Barbara Whipple    on behalf of Creditor    Nationstar Mortgage LLC bwhipple@rasflaw.com
              Deborah Turofsky    on behalf of Creditor    Specialized Loan Servicing turofskylaw@yahoo.com
              Dennis Jose    on behalf of Creditor    Specialized Loan Servicing ecfnotices@grosspolowy.com
              Ehret Anne Van Horn    on behalf of Creditor    Specialized Loan Servicing
               ecfnotices@grosspolowy.com, evanhorn@grosspolowy.com
              Ehret Anne Van Horn    on behalf of Creditor    Ditech Financial LLC ecfnotices@grosspolowy.com,
               evanhorn@grosspolowy.com
              Michael Adam Samuels    on behalf of Creditor    Nationstar Mortgage LLC bkyecf@rasflaw.com,
               msamuels@rasboriskin.com;ras@ecf.courtdrive.com
              Miriam Joy Rosenblatt    on behalf of Creditor    Nationstar Mortgage LLC mrosenblatt@rasflaw.com,
               bkyecf@rasflaw.com;ras@ecf.courtdrive.com
              Office of the United States Trustee    USTPRegion02.BR.ECF@usdoj.gov
              Richard J McCord    on behalf of Trustee Richard J. McCord rmccord@certilmanbalin.com,
               afollett@certilmanbalin.com;cfollett@certilmanbalin.com;rnosek@certilmanbalin.com;CBAHECM@gmail.c
               om;mmccord@certilmanbalin.com
              Richard J. McCord    rmccord@cbah.com,
               afollett@certilmanbalin.com;cfollett@certilmanbalin.com;N190@ecfcbis.com;mmccord@certilmanbalin.c
               om
              Richard J. McCord    on behalf of Trustee Richard J. McCord rmccord@cbah.com,
               afollett@certilmanbalin.com;cfollett@certilmanbalin.com;N190@ecfcbis.com;mmccord@certilmanbalin.c
               om
                                                                                              TOTAL: 11

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                                                    Chapter 7
                                                                                 Case No. 17-44157-ess
Sean M. Murray

        Debtor.
-------------------------------------------------------x

## LOSS MITIGATION ORDER

A Loss Mitigation Request[1] was filed by the Debtor on **_February 27, 2018._**

Upon the foregoing, it is hereby

**ORDERED**, that the following parties (the "Loss Mitigation Parties") are directed to participate in the Loss Mitigation Program:

1. The Debtor.

2. **_Nationstar Mortgage LLC, d.b.a. Mr. Cooper d.b.a. Specialized Loan Servicing_**, the Creditor with respect to **_the loan ending in 9508,_** with respect to property located at **_35-21 79th Street, Apartment 4E, Jackson Heights, New York 11372._**

It is further **ORDERED**, that the Loss Mitigation Parties shall comply with the Loss Mitigation Procedures annexed to this Order; and it is further

**ORDERED**, that the Loss Mitigation Parties shall observe the following deadlines:

1. Each Loss Mitigation Party shall designate contact persons and disclose contact information by **_April 17, 2018,_** unless this information has been previously provided. As part of this obligation, **a Creditor shall furnish each Loss Mitigation Party with written notice of the name, address and direct telephone number of the person who has full settlement authority**.

2. Each Creditor that is a Loss Mitigation Party shall contact the Debtor by **_April 23, 2018_**.

3. Each Loss Mitigation Party shall make its request for information and documents, if any, by **_April 23, 2018._**

---

[1] All capitalized terms have the meanings defined in the Loss Mitigation Procedures.

4. Each Loss Mitigation Party shall respond to a request for information and documents within **14 days after a request is made, or 7 days prior to the Loss Mitigation Session, whichever is earlier.**

5. The Loss Mitigation Session shall be scheduled not later than ***May 14, 2018.***

It is further **ORDERED**, that a status conference will be held in this case on ***April 26, 2018,*** at 9:00 a.m. before the Honorable Elizabeth S. Stong, in Courtroom 3585 of the United States Bankruptcy Court, 271-C Cadman Plaza East, Brooklyn, New York 11201 (the "Status Conference").  The Loss Mitigation Parties shall appear at the Status Conference and provide the Court with an oral Status Report unless a written Status Report that is satisfactory to the Court has been filed not later than 7 days prior to the date of the Status Conference and requests that the Status Conference be adjourned or cancelled; and it is further

**ORDERED**, that at the Status Conference, the Court may consider a Settlement reached by the Loss Mitigation Parties, or may adjourn the Status Conference if necessary to allow for adequate notice of a request for approval of a Settlement; and it is further

**ORDERED**, that the Loss Mitigation Period shall continue through the date of any adjourned Status Conference unless terminated by further order of the Court; and it is further

**ORDERED**, that any matters that are currently pending between the Loss Mitigation Parties (such as motions or applications, and any objection, opposition or response thereto) are hereby adjourned to the date of the Status Conference to the extent those matters concern (1) relief from the automatic stay, (2) objection to the allowance of a proof of claim, (3) reduction, reclassification or avoidance of a lien, (4) valuation of a Loan or Property, or (5) objection to confirmation of a plan of reorganization.

**ORDERED,** that the time for each Creditor that is a Loss Mitigation Party in this case to file an objection to a plan of reorganization in this case shall be extended until 14 days after the termination of the Loss Mitigation Period, including any extension of the Loss Mitigation Period.

**Dated: Brooklyn, New York**
**April 10, 2018**

/s/ Elizabeth S. Stong
**Elizabeth S. Stong**
**United States Bankruptcy Judge**

## LOSS MITIGATION PROGRAM PROCEDURES

### I. PURPOSE

The Loss Mitigation Program is designed to function as a forum in individual bankruptcy cases for debtors and lenders to reach consensual resolution whenever a debtor's residential property is at risk of foreclosure. The Loss Mitigation Program aims to facilitate resolution by opening the lines of communication between the debtors' and lenders' decision-makers. While the Loss Mitigation Program stays certain bankruptcy deadlines that might interfere with the negotiations or increase costs to the loss mitigation parties, the Loss Mitigation Program also encourages the parties to finalize any Settlement (as defined below) under bankruptcy court protection, instead of seeking dismissal of the bankruptcy case.

### II. LOSS MITIGATION DEFINED

The term "loss mitigation" is intended to describe the full range of solutions that may avert the loss of a debtor's property to foreclosure, increased costs to the lender, or both. Loss mitigation commonly consists of the following general types of agreements, or a combination of them: loan modification, loan refinance, forbearance, short sale, or surrender of the property in full satisfaction. The terms of a loss mitigation solution will vary in each case according to the particular needs, interests, and goals of the parties.

### III. ELIGIBILITY

The following definitions are used to describe the types of parties, properties, and loans that are eligible for participation in the Loss Mitigation Program:

**A.   DEBTOR**

The term "Debtor" means any individual debtor in a case filed under Chapter 7, 11, 12, or 13 of the Bankruptcy Code, including joint debtors, whose case is assigned to Chief Judge Carla E. Craig, Judge Dorothy T. Eisenberg, Judge Elizabeth S. Stong, or Judge Joel B. Rosenthal, or any other judge who elects to participate in the Loss Mitigation Program.

**B.   PROPERTY**

The term "Property" means any real property, including condominiums or cooperative apartments, used as the Debtor's principal residence, in which the Debtor holds an interest.

**C.    LOAN**

The term "Loan" means any mortgage, lien, or extension of money or credit secured by eligible Property or stock shares in a residential cooperative, regardless of whether the Loan (1) is considered to be "subprime" or "non-traditional;" (2) was in foreclosure prior to the bankruptcy filing; (3) is the first or junior mortgage or lien on the Property; or (4) has been "pooled," "securitized," or assigned to a servicer or to a trustee.

**D. CREDITOR**

The term "Creditor" means any holder, mortgage servicer, or trustee of an eligible Loan.

### IV.	ADDITIONAL PARTIES

**A.	OTHER CREDITORS**

Any party may request, or the bankruptcy court may direct, more than one Creditor to participate in the Loss Mitigation Program, where it may be of assistance to obtain a global resolution.

**B.	CO-DEBTORS AND THIRD PARTIES**

Any party may request, or the bankruptcy court may direct, a co-debtor or other third party to participate in the Loss Mitigation Program, where the participation of such party may be of assistance, to the extent that the bankruptcy court has jurisdiction over the party or the party consents.

**C.	CHAPTER 13 TRUSTEE**

Any party may request, or the bankruptcy court may direct, the Chapter 13 Trustee to participate in the Loss Mitigation Program to the extent that such participation is consistent with the Chapter 13 Trustee's duty under Bankruptcy Code Section 1302(b)(4) to "advise, other than on legal matters, and assist the debtor in performance under the Chapter 13 plan."

**D.	MEDIATOR**

Any party may request, or the bankruptcy court may direct, a mediator from the Mediation Register maintained by the United States Bankruptcy Court for the Eastern District of New York to participate in the Loss Mitigation Program.

### V.	COMMENCEMENT OF LOSS MITIGATION

Parties are encouraged to request to enter into the Loss Mitigation Program as early in the case as possible, but a request may be made at any time as follows.

**A.	BY THE DEBTOR (click here for printable form)**

1.	In a case under Chapter 13, the Debtor may request to enter into the Loss Mitigation Program with a particular Creditor in the Chapter 13 plan, and shall note the making of the request in the docket entry for the plan. The Creditor shall have 21 days to object. If no objection is filed, the bankruptcy court may enter an order referring the parties to the Loss Mitigation Program (a "Loss Mitigation Order").

2.	A Debtor may serve and file a request to enter into the Loss Mitigation Program with a particular Creditor. The Creditor shall have 14 days to object. If no objection is filed, the bankruptcy court may enter a Loss Mitigation Order.

      3.     If a Creditor has filed a motion for relief from the automatic stay pursuant to Bankruptcy Code Section 362 (a "Lift-Stay Motion"), the Debtor may serve and file a request to enter into the Loss Mitigation Program at any time before the conclusion of the hearing on the Lift-Stay Motion. The bankruptcy court will consider the Debtor's request and any opposition by the Creditor at the hearing on the Lift-Stay Motion.

**B.    BY A CREDITOR** (click here for printable form)

      A Creditor may serve and file a request to enter into the Loss Mitigation Program. The Debtor shall have 14 days to object. If no objection is filed, the bankruptcy court may enter a Loss Mitigation Order.

**C.    BY THE BANKRUPTCY COURT**

      The bankruptcy court may enter a Loss Mitigation Order at any time after notice to the parties to be bound (the "Loss Mitigation Parties") and an opportunity to object.

**D.    HEARING ON OBJECTION**

      If any party files an objection, the bankruptcy court shall hold a hearing on the request to enter the Loss Mitigation Program and the objection, and shall not enter a Loss Mitigation Order until the objection has been heard.

## VI.    LOSS MITIGATION ORDER (click here for printable form)

**A.    DEADLINES**

      A Loss Mitigation Order shall contain:

      1.     The date by which contact persons and telephone contact information shall be provided by the Loss Mitigation Parties.

      2.     The date by which each Creditor shall initially contact the Debtor.

      3.     The date by which each Creditor shall transmit any request for information or documents to the Debtor.

      4.     The date by which the Debtor shall transmit any request for information or documents to each Creditor.

      5.     The date by which a written status report shall be filed, or the date and time for a status conference and oral status report (whether written or oral, a "Status Report"). In a Chapter 13 case, the status conference shall coincide, if possible, with a hearing on confirmation of the Chapter 13 plan. A date to file a written report shall be, if possible, not later than 7 days after the initial loss mitigation session.

      6.     The date when the loss mitigation process (the "Loss Mitigation Period") shall terminate, unless extended.

**B.    EFFECT**

During the Loss Mitigation Period:

1.    A Creditor may contact the Debtor directly, and it shall be presumed that such contact does not violate the automatic stay.

2.    A Creditor may not file a Lift-Stay Motion, except where necessary to prevent irreparable injury. A Lift-Stay Motion filed by the Creditor before the entry of the Loss Mitigation Order shall be adjourned to a date following the Loss Mitigation Period, and the stay shall be extended pursuant to Bankruptcy Code Section 362(e).

3.    In a Chapter 13 case, the date by which a Creditor must object to confirmation of the Chapter 13 plan shall be extended to a date that is at least 14 days following the Loss Mitigation Period.

4.    Federal Rule of Evidence 408 shall apply to communications, information and documents exchanged by the Loss Mitigation Parties in connection with the Loss Mitigation Program.

### VII.    DUTIES UPON COMMENCEMENT OF LOSS MITIGATION

**A.    GOOD FAITH**

The Loss Mitigation Parties shall negotiate in good faith. A party that does not participate in the Loss Mitigation Program in good faith may be subject to sanctions.

**B.    CONTACT INFORMATION**

1.    <u>The Debtor:</u> The Debtor shall provide written notice to each Loss Mitigation Party of the manner in which the Creditor shall contact the Debtor or the Debtor's attorney. This may be done in the request to enter the Loss Mitigation Program.

2.    <u>The Creditor:</u> Each Creditor shall provide written notice to the Debtor of the name, address and direct telephone number of the contact person with authority to act on the Creditor's behalf. This may be done in the request to enter the Loss Mitigation Program.

**C.    STATUS REPORT**

The Loss Mitigation Parties shall provide a written or oral Status Report to the bankruptcy court within the period set in the Loss Mitigation Order. The Status Report shall indicate how many loss mitigation sessions have occurred, whether a resolution has been reached, and whether a Loss Mitigation Party believes that additional sessions may result in partial or complete resolution. A Status Report may include a request for an extension of the Loss Mitigation Period.

**D.      BANKRUPTCY COURT APPROVAL**

The Loss Mitigation Parties shall seek bankruptcy court approval of any Settlement reached during loss mitigation.

## VIII.   LOSS MITIGATION PROCESS

**A.      INITIAL CONTACT**

Following entry of a Loss Mitigation Order, the contact person designated by each Creditor shall contact the Debtor and any other Loss Mitigation Party within the time set by the bankruptcy court. The Debtor may contact any Loss Mitigation Party at any time. The purpose of the initial contact is to create a framework for the loss mitigation session and to ensure that the Loss Mitigation Parties are prepared. The initial contact is not intended to limit the issues or proposals that may arise during the loss mitigation session.

During the initial contact, the Loss Mitigation Parties shall discuss:

1.      The time and method for conducting the loss mitigation sessions.

2.      The loss mitigation alternatives that each party is considering.

3.      The exchange of information and documents before the loss mitigation session, including the date by when the Creditor shall request information and documents from the Debtor and the date by when the Debtor shall respond. All information and documents shall be provided at least seven days before the first loss mitigation session.

**B.      LOSS MITIGATION SESSIONS**

Loss mitigation sessions may be conducted in person, by telephone, or by video conference. At the conclusion of each loss mitigation session, the Loss Mitigation Parties shall discuss whether and when to hold a further session, and whether any additional information or documents should be exchanged.

**C.      BANKRUPTCY COURT ASSISTANCE**

At any time during the Loss Mitigation Period, a Loss Mitigation Party may request a settlement conference or status conference with the bankruptcy judge.

**D.      SETTLEMENT AUTHORITY**

At a loss mitigation session, each Loss Mitigation Party shall have a person with full settlement authority present. At a status conference or settlement conference with the bankruptcy court, each Loss Mitigation Party shall have a person with full settlement authority present. If a Loss Mitigation Party is appearing by telephone or video conference, that party shall be available beginning thirty minutes before the conference.

### IX.  DURATION, EXTENSION AND EARLY TERMINATION

#### A.  INITIAL PERIOD

The initial Loss Mitigation Period shall be set by the bankruptcy court in the Loss Mitigation Order.

#### B.  EXTENSION

1.  <u>By Agreement:</u> The Loss Mitigation Parties may agree to extend the Loss Mitigation Period by stipulation to be filed not less than one business day before the Loss Mitigation Period ends.

2.  <u>In the Absence of Agreement:</u> A Loss Mitigation Party may request to extend the Loss Mitigation Period in the absence of agreement by filing and serving a request to extend the Loss Mitigation Period on the other Loss Mitigation Parties, who shall have seven days to object. If the request to extend the Loss Mitigation Period is opposed, then the bankruptcy court shall schedule a hearing on the request. The bankruptcy court may consider whether (1) an extension of the Loss Mitigation Period may result in a complete or partial resolution that provides a substantial benefit to a Loss Mitigation Party; (2) the party opposing the extension has participated in good faith and complied with these Loss Mitigation Procedures; and (3) the party opposing the extension will be prejudiced.

#### C.  EARLY TERMINATION

1.  <u>Upon Request of a Loss Mitigation Party:</u> A Loss Mitigation Party may request to terminate the Loss Mitigation Period by filing and serving a request to terminate the Loss Mitigation Period on the other Loss Mitigation Parties, who shall have seven days to object. If the request to terminate the Loss Mitigation Period is opposed, then the bankruptcy court shall schedule a hearing on the request. Notice may be modified for cause if necessary to prevent irreparable injury.

2.  <u>Dismissal of the Bankruptcy Case:</u> A Chapter 13 bankruptcy case shall not be dismissed during the pendency of a Loss Mitigation Period, except (1) upon motion of the Chapter 13 Trustee or the United States Trustee for failure to comply with the requirements of the Bankruptcy Code; or (2) upon the voluntary request of the Chapter 13 Debtor. **A Chapter 13 Debtor may not be required to request dismissal of the bankruptcy case as part of a Settlement during the Loss Mitigation Period.** If a Chapter 13 Debtor requests voluntary dismissal during the Loss Mitigation Period, the Debtor shall indicate whether the Debtor agreed or intends to enter into a Settlement with a Loss Mitigation Party.

#### D. DISCHARGE

The Clerk of the Court shall not enter a discharge during the pendency of a Loss Mitigation Period.

## X.    SETTLEMENT

The bankruptcy court shall consider any agreement or resolution (a "Settlement") reached during loss mitigation and may approve the Settlement, subject to the following provisions:

1.  Implementation: A Settlement may be noticed and implemented in any manner permitted by the Bankruptcy Code and Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), including but not limited to a stipulation, sale, Chapter 11 plan of reorganization, or Chapter 13 plan.

2.  Fees, Costs, or Charges: If a Settlement provides for a Creditor to receive payment or reimbursement of any expense arising from the Creditor's participation in the Loss Mitigation Program, that expense shall be disclosed to the Debtor and the bankruptcy court before the Settlement is approved.

3.  Signatures: Consent to the Settlement shall be acknowledged in writing by the Creditor representative who participated in the loss mitigation session, the Debtor, and the Debtor's attorney, if applicable.

4.  Hearing: Where a Debtor is represented by an attorney, a Settlement may be approved by the bankruptcy court without further notice, or upon such notice as the bankruptcy court directs, unless additional notice or a hearing is required by the Bankruptcy Code or Bankruptcy Rules. Where a Debtor is not represented by counsel, a Settlement shall not be approved until the bankruptcy court conducts a hearing at which the Debtor shall appear in person.

5.  Dismissal Not Required: **A Debtor shall not be required to request dismissal of the bankruptcy case in order to effectuate a Settlement.** In order to ensure that the Settlement is enforceable, the Loss Mitigation Parties shall seek bankruptcy court approval of the Settlement. Where the Debtor requests or consents to dismissal of the bankruptcy case as part of the Settlement, the bankruptcy court may approve the Settlement as a "structured dismissal," if such relief complies with the Bankruptcy Code and Bankruptcy Rules.

## XI.    LOSS MITIGATION FINAL REPORT

Debtor's counsel (or the Debtor, if the Debtor is proceeding without attorney representation) shall file with the Court a Loss Mitigation Final Report. The form of Loss Mitigation Final Report is on the Court's website **(click here for printable form)**. The Loss Mitigation Final Report shall be filed no later than 14 days after termination of the Loss Mitigation Period. Termination occurs:

1.  when the Court enters an order terminating the Loss Mitigation Period;

2.  when the Court approves a stipulated agreement that has been presented to the Court, which provides for settlement or resolution of the Loss Mitigation; or

3.  upon expiration of the Loss Mitigation Period.

Where two or more requests for Loss Mitigation have been made in a case, for different properties or different mortgages on a property, a separate Loss Mitigation Final Report must be filed with respect to each request.

### XII.    COORDINATION WITH OTHER PROGRAMS

[Provision may be added in the future to provide for coordination with other loss mitigation programs, including programs in the New York State Unified Court System.]

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------x

In re:  Case No.

  Chapter

Debtor(s)

---------------------------------------------------------x

**LOSS MITIGATION FINAL REPORT**

Name of Lender: _____

Property Address: _____

Last Four Digits of Account Number of Loan: _____

File Date of Request for Loss Mitigation: ____/____/_____

Date of Entry of Order Granting Loss Mitigation: _____

Date of Entry of Order Approving Settlement *(if any)*: _____

Other Requests for Loss Mitigation in this Case: _____Yes       _____No

   *The use of the Court's Loss Mitigation Procedures has resulted in the following (please check the appropriate box below):*

☐      Loan modification.

☐      Loan refinance.

☐      Forbearance.

☐      Short sale.

☐      Surrender of property.

☐      No agreement has been reached.

☐      Other: _____
          _____
          _____
          _____

Dated: _____                Signature: _____