SEAN M. MURRAY
P.O. BOX 1110
ALBANY, NEW YORK 12201-1110 U.S.A.

Thursday, April 19, 2018

CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK

Dennis Jose, Esq.
Deborah Turofsky, Esq.
GROSS POLOWY LLC
1775 Wehrle Drive, Suite 100
Williamsville, New York 14221

2018 APR 19  P 12: 56

RECEIVED

SENT VIA EMAIL: djose@grosspolowy.com
SENT VIA EMAIL: dturofsky@grosspolowy.com
SENT VIA REGULAR MAIL
Bankruptcy Case No.        17-44157-ess
Loan No.                   ...9508

## LOSS MITIGATION RESPONSE TO TRIAL PLAN OFFER

Dear Attorney Jose:

I have prepared a Status Letter and Request for Information and Documents pursuant to the Bankruptcy Court's Loss Mitigation Program and Orders, filed on the Court and attached them to this letter. Please find my questions, comments and concerns as outlined below with the Trial Payment Plan.

1. The letter accompanying the Trail Payment Plan makes reference to a Pooling and Servicing Agreement between Specialized Loan Servicing, LLC and the Federal Home Loan Mortgage Corporation. I don't know if I am a party to this agreement or if it involves my equitable interests in the Promissory Note tendered, endorsed and deposited as a cash value instrument, but in order to reach a settlement disclosure of information related to servicing is relevant.

2. The Trial Payment Plan ("TPP") also refers to the Mortgage securing the subject property. Unresolved issues related to enforcement and perfection of the underlying security interest need to be addressed before a Trial plan predicated upon the security interest can be commenced in good faith.

3. The TPP does not address the full payoff made August 10, 2017 nor does it address the current balance or status of satisfaction of the mortgage.

4. The TPP's mention of Credit Reporting is concerning and potentially a violation of the discharge injunction in place on account of the December 9, 2017 discharge issued by Judge Stong.

5. In reading the terms and conditions of the TPP, I noticed that the trial amount, $1,022.09, to be significantly lower than the mortgage payment of the subject loan, $1,157.05, leaving a deficiency monthly of $134.96. This deficiency would remain and accrue throughout the proposed trial pending approval of modification after the 3 months have completed and all payments have been received. This would accomplish reaffirmation of the original loan, continued default in payments likely to lead to denial of modification as a result of the deficiency in payments due to the trial payment amount offered by SLS. The TPP stipulates that the underlying loan terms and conditions continue to apply, including foreclosure and default, etc. Drawing into question the validity of the TPP in offering mortgage relief in light of it's own terms.

6. The Borrowers Representations as included in the TPP are unacceptable and inapplicable to the Pro Se Debtor's situation with respect to SLS.

7. No additional escrow, tax, insurance or other fees are acceptable without full disclosure, explanation and borrower approval.

8.  I have outlined claims against Nationstar, SLS and Gross Polowy for debt collection violations among other things and have not received a response regarding my intent to litigate these issues. I would need to have a provision specifically acknowledging my non-waiver of any claims, defenses or rights incorporated into the TPP to include mention of the payoff and non-return of payment for protection of legal and equitable rights.

Executed on Thursday, April 19, 2018.

SEAN M. MURRAY, Debtor Pro Se