Return Date: JUNE 12 2018   9:30

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:

SEAN M. MURRAY,

Case No. 17-44157-ess

Chapter 7

Debtor(s)
-----------------------------------------------------------x

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that upon the annexed application of

SEAN M. MURRAY , a hearing will be held before the Hon.

ELIZABETH STONG, Bankruptcy Judge, to consider the motion for an Order

granting relief as follows:

MOTION TO STRIKE NATIONSTAR MORTGAGE LLC's NOTICE OF WITHDRAWAL OF THE MOTION FOR RELIEF FROM STAY (DOCKET #56).

CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK
2018 MAY 17 A 11:19
RECEIVED

Date and time of hearing: JUNE 12 2018   9:30 AM
Location: U.S. Bankruptcy Court
271-C Cadman Plaza East
Brooklyn, New York 11201-1800
Courtroom # 3585, 3RD   Floor

Dated: MAY 17, 2018

SEAN M. MURRAY
Signature
Print name: SEAN M. MURRAY
Address: PO BOX 110
ALBANY NY 12201
Phone: 917-330/9284
Email: seanmurray@prodigy.net

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK | CLERK<br>U.S. BANKRUPTCY COURT<br>EASTERN DISTRICT OF<br>NEW YORK<br><br>2018 MAY 17  A 11: 12<br><br>RECEIVED |
| In Re: SEAN M. MURRAY,<br><br>    Debtor Pro Se | |
| | Case No.:        1-17-44157-ess |
| | Chapter:         7 |

### MOTION TO STRIKE NATIONSTAR MORTGAGE LLC's
### NOTICE WITHDRAWING MOTION FOR RELIEF FROM AUTOMATIC STAY POST-
### OBJECTION AND WITHOUT SEEKING LEAVE VIA MOTION
### OR CONSENT OF PARTIES
### AND MOTION FOR FEES AND SANCTIONS
### PURSUANT TO 28 U.S.C 1927 AND 11 U.S.C. 105(a)

SEAN M. MURRAY, Debtor Pro Se, moves this Court pursuant to Rule 9014(a) and 9014(c) of

the Bankruptcy Rules and moves to strike and dismiss the Letter To Court Withdrawing Motion

for Relief From Automatic Stay Filed by Michael Adam Samuels on behalf of Nationstar

Mortgage LLC (docket no. 56) in the above-captioned matter for non-compliance with

Bankruptcy Rule of Procedure 7041. In support of such motion, debtor shows as follows:

### BACKGROUND

1.  This case was commenced by the filing of a petition with the Clerk of this court on

August 10, 2017.

2.  SEAN M. MURRAY, Debtor Pro Se, is the owner of personal property, a proprietary

lease and 439 shares in 35-21 79th St. Tenants Corp., associated with real estate located at 35-21

79th Street Unit 4E, Jackson Heights, New York, 11372 U.S.A.

3.  On December 13, 2017, Nationstar Mortgage LLC ("Nationstar") a purported secured creditor, moved the court for relief from the Automatic Stay. The motion was filed by Barbara Whipple of Robertson, Anschutz & Schneid, PL on behalf of Nationstar. (docket no. 26)

4.  On January 22, 2018, the Debtor filed a written objection to Nationstar's Motion (docket no. 31) spelling out a fraud which occurred upon the Court, the Debtor, the Chapter 7 Trustee and all parties. Specifically, the Debtor in the Objection brings the Court's attention to the fact that in support of its Motion, Nationstar submitted a copy of a Note bearing an endorsement on its face which names the lender as "HSBC MORTGAGE CORPORATION" along with a so-called Assignment of Mortgage ( the "Assignment") which purports to assign both the Debtor's Mortgage and Note. Said Assignment is dated December 15, 2016 – by NYC DEPARTMENT OF FINANCE, OFFICE OF THE CITY REGISTER. The Debtor avers that the assignment of mortgage and the motion predicated upon it, are bogus documents constituting a fraud upon this court and all involved parties.

5.  The UCC-1 lien from Nationstar's exhibits in docket entry 26-1, correctly identifies the property address as 35-21 79th St Apt 4E, Jackson Heights, New York 11372, but incorrectly describes the Cooperative Living Corporation proprietary lease and shares that serve as collateral on line no. 4 in the financing statement and on line no. 25, naming the Cooperative Organization as 235-21 79th Street Tenants Corporation, a non-existent corporation. The April 19, 2013 UCC-3 assignment from HSBC MORTGAGE CORPORATION (USA) to HSBC BANK USA, N.A. features incorrect property data block 1278 and lot 27 and an incorrect address of 35-46 79th St Apt 4E. The correct property address of 35-21 79th St Apt 4E is block 1279 lot 58, making the both HSBC's assignment and Nationstar's UCC-3 assignment from HSBC BANK

USA, N.A. on December 15, 2016 featuring on line no. 17 an incorrect description of the the property as real estate and not personal property, also void.

6.  Faced with a hearing on its Motion for Relief scheduled for April 26, 2018, Nationstar, without conferring with Debtor and without seeking agreement in any manner, filed a letter April 13, 2018 noticing of withdrawal of Nationstar's December 13, 2017 Motion for Relief (docket no. 26). In his letter, Attorney Michael A. Samuels, Esq. as counsel to Nationstar acknowledges a change in servicer stating that "We have been advised that the underlying loan has been transferred to another servicer, Specialized Loan Servicing."

7.  Debtor avers that he was caused to spend additional sums to defend his property by a baseless motion including fraudulent documents submitted by Nationstar and their attorneys, the law firms of Gross Polowy LLC and Robertson, Anschutz & Schneid, PL. As set forth in argument herein below the rules of procedure drafted by Congress do not allow for the withdrawal of a contested matter after opposition is filed without either leave from the Court, which requires a Motion and the opportunity of all parties to be heard, or by the consent of all parties.

8.  At the very least, the Debtor respectfully requests the Court mandate Nationstar to participate in meaningful good faith negotiations to achieve the consent of the Debtor regarding the withdrawal of the Motion and/or otherwise preserve the Debtor's right to seek compensation and fees for the time and resources expended to date.

## ARGUMENT

9.  The U.S. Congress drafted the applicable Federal Rules of Bankruptcy Procedure as

follows: F.R.B.P. "Rule 9002. Meanings of Words in the Federal Rules of Civil Procedure When Applicable to Cases Under The Code."

10. The following words and phrases used in the Federal Rules of Civil Procedure made applicable to cases under the Code by these rules have the meanings indicated unless they are inconsistent with the context: (1) "Action" or "civil action" means an adversary proceeding or, when appropriate, a contested petition, or proceedings to vacate an order for relief or to determine any other contested matter. ( Emphasis Added)

11. The Motion for Relief From Stay and ensuing Objection is a contested matter under the Bankruptcy Code and as such, certain Part VII rules apply.

Rule 9014. Contested Matters

(a) Motion.

In a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. No response is required under this rule unless the court directs otherwise.

(b) Service.

The motion shall be served in the manner provided for service of a summons and complaint by Rule 7004. Any paper served after the motion shall be served in the manner provided by Rule 5(b) F.R.Civ.P.

(c) Application of Part VII Rules.

Except as provided in this rule, and unless the court directs otherwise, the following rules shall apply: 7009, 7017, 7021, 7025, 7026, 7028-7037, 7041, 7042, 7052,

7054-7056, 7064, 7069, 7071. The following subdivisions of Fed. R. Civ. P. 26. as

incorporated by Rule 7026, shall not apply in a contested matter unless the court

directs otherwise: 26(a)(1) (mandatory disclosure), 26(a)(2) (disclosures regarding

expert testimony) and 26(a)(3)(additional pre-trial disclosure), and 26(f) (mandatory

meeting before scheduling conference/discovery plan). An entity that desires to

perpetuate testimony may proceed in the same manner as provided in Rule 7027 for

the taking of a deposition before an adversary proceeding. The court may at any stage

in a particular matter direct that one or more of the other rules in Part VII shall apply.

The court shall give the parties notice of any order issued under this paragraph to

afford them a reasonable opportunity to comply with the procedures prescribed by the

order. (Emphasis Added)

12. Since 9014(c) does not include 7015, the right to amend does not apply in contested cases

unless a Local Rule or Admin Order applies it to such cases. Rule 9002 "Meanings of Words in

the Federal Rules of Civil Procedure When Applicable to Cases Under The Code" requires the

language in Rule 7041, which is adopted from the Federal Rules of Civil Procedure (FRCP 41),

be read in context as applicable to contested matters under the Bankruptcy Code, such as the

instant case. As noted in the Advisory Committee on Rules 1983, "When the rules of Part VII are

applicable to a contested matter, reference in the Part VII rules to adversary proceedings is to be

read as a reference to a contested matter. See Rule 9002(1)."

Pursuant to FRBP Rule 7041 as read in context with a contested matter under the Bankruptcy

Code, once an objection is filed in a contested case , the only permitted manner to withdraw a

contested matter such as the Creditor's Motion for Relief from Stay is by a Court order or stipulation of the parties.

13. The Debtor responded to Nationstar's Motion for Relief From Stay by way of an objection. Therefore the alleged Secured Creditor, Nationstar, may not voluntarily withdraw the contested matter without the Debtor's signed consent or otherwise without obtaining an order of the court after notice and hearing.

14. Despite the Debtor communicating with Nationstar, affording the purported secured creditor the opportunity to seek the consent of the Debtor, Nationstar has remained silent. Disregarding the rules and the havoc created by filing a baseless motion and false documents after the Debtor received a discharge is yet another example of Nationstar and its attorneys continuing to play by their own rules with blatant disregard for the havoc they have caused by trying to deceive the Court and the Debtor with their faulted documents. Clearly there is no sense of accountability on the part of Nationstar or its attorneys let alone any regard for the rules or the rights and well being of the other parties involved. The Debtor is relying on the integrity of the Bankruptcy Process and Nationstar and its lawyers have attempted to game the system. The actions of the purported creditor and its attorneys caused additional motion practice, it is inexcusable and bears all the hallmarks of bad faith; the Debtor should not be forced to bear the costs associated with the same.

15. Debtors hereby further contend that if Nationstar and its attorneys are afforded the opportunity to withdraw their motion, the Debtor's instant motion for fees and expenses and request for other relief and sanctions properly survives and remain pending.

WHEREFORE, debtors pray this Court for the following relief:

16. That the letter withdrawing the Motion for relief From Stay be stricken; and

17. That a hearing be held to determine the merits of debtor's objections or, should the withdrawal of the motion for relief from stay be allowed, on what terms and conditions so that the Debtor's rights to recovery are protected;

18. Nationstar and/or its attorneys be ordered to pay debtor reasonable attorney's fees and costs as authorized under the general power of the court as set forth in 11 U.S.C. § 105(a) for the instant Motion to Strike;

19. That sanctions be levied against Nationstar and/or Attorney(s) pursuant to 28 U.S.C. §1927 and 11 U.S.C. § 105(a) for having failed to follow proper procedure and causing the additional waste of valuable time and resources.

20. That this Court retain jurisdiction over this matter and all parties thereto;

21. For such other and further relief as this Court deems just, proper and equitable.

Respectfully submitted,

Dated: Thursday, May 10, 2018                    By: _Sean M. Murray_
                                                     SEAN M. MURRAY

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In Re:

SEAN M. MURRAY

Case No.:        1-17-44157-ess

Chapter:         7

## CERTIFICATION OF SERVICE

The undersigned certifies that on Thursday, May 10, 2018, a copy of the annexed papers: MOTION TO STRIKE NATIONSTAR MORTGAGE LLC's NOTICE WITHDRAWING MOTION FOR RELIEF FROM AUTOMATIC STAY POST-OBJECTION AND WITHOUT SEEKING LEAVE VIA MOTION OR CONSENT OF PARTIES AND MOTION FOR FEES AND SANCTIONS PURSUANT TO 28 U.S.C 1927 AND 11 U.S.C. 105(a); served by depositing same, enclosed in a properly addressed postage-paid envelope, in an official depository under the exclusive care of the United States Postal Service within the State of New York, and hand delivered to the Clerk of the Bankruptcy Court Thursday, May 17, 2018, upon:

1. Richard J. McCord, Chapter 7 Trustee
   Certilman Balin Adler & Hyman
   90 Merrick Avenue
   East Meadow, NY 11554

2. Robert A. Gavin, Jr., Clerk of the Bankruptcy Court
   271-C Cadman Plaza East, Suite 1595
   Brooklyn, NY 11201-1800

3. Ehret Anne Van Horn, Esq., Attorney for Specialized Loan Servicing, LLC
   Gross Polowy, LLC
   1775 Wehrle Drive, Suite 100
   Williamsville, NY 14221

4. Miriam Rosenblatt, Attorney for Nationstar Mortgage LLC
   Robertson, Anschutz & Schneid, P.L., Bankruptcy Department
   6409 Congress Avenue, Suite 100
   Boca Raton, Florida 33487

Mailed USPS: Thursday, May 17, 2018

5. RAS Boriskin, LLC
   BANKRUPTCY DEPARTMENT
   900 MERCHANTS CONCOURSE, SUITE 106
   WESTBURY, NY 11590

Dated: Thursday, May 17, 2018

By: _SEAN M. MURRAY_

SEAN M. MURRAY