UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

IN RE:

SEAN M. MURRAY,

DEBTOR.

CHAPTER 7

CASE NO. 17-44157

JUDGE: Hon. Elizabeth S. Stong

### OBJECTION TO SECOND LOSS MITIGATION REQUEST

Robert W. Griswold, attorney for Selene Finance LP, affirms under penalty as follows:

1.      I am an Attorney with LOGS Legal Group LLP f/k/a Shapiro, DiCaro & Barak, LLC, attorney for Fay Servicing, LLC as servicer for US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust ("Fay") and am familiar with the facts and circumstances surrounding this matter.

2.      Fay holds a Loan secured by an interest in the Debtor's cooperative apartment located at 35-21 79th Street, Unit 4E, Jackson Heights, NY 11372 (the "Property").

3.      Fay is a secured creditor of Sean M. Murray (the "Debtor") pursuant to a Note executed by the Debtor on March 20, 2008 (the "Note") with HSBC Mortgage Corporation, whereby the Debtor promised to repay the principal amount of $195,600.00 plus interest (the "Note"). Contemporaneously, the Debtor executed a Security Agreement encumbering the Property, a Proprietary Lease, and Assignment of Proprietary Lease (collectively referred to as the "Loan").

4.      The Loan was subsequently assigned from HSBC to Nationstar Mortgage LLC ("Nationstar") by a UCC Financing Statement Amendment recorded on December 15, 2016 and reflected as CRFN 2016000444774.

5.      The Loan was subsequently Assigned from Nationstar to SLS by a UCC Financing Statement Amendment recorded on February 7, 2018 and reflected as CRFN 2018000045046.

6.      The Loan has since been transferred to Fay Servicing, LLC, effective January 12, 2021.

7.      This Objection is submitted in response to the Loss Mitigation Request filed on May 21, 2021 by the Debtor.

8.      The instant Loss Mitigation Request is the second request made by the Debtor in the instant bankruptcy.

9.      Fay opposes the Debtor's request for loss mitigation because this Debtor has been litigating this Loan for years, including numerous motions, an adversary proceeding and a currently pending appeal of this Court's order granting Fay's Motion for Summary Judgment with respect to the Complaint, and because the parties have already completed court ordered loss mitigation on this Loan.

10.      The Debtor made an initial loss mitigation request on January 22, 2018.  This request was granted, and loss mitigation as entered on May 23, 2018.

11.      Over the course of the loss mitigation process, the Debtor failed to participate in loss mitigation in good faith, instead using it as a tool to advance his numerous motions and pleadings against Nationstar and SLS.

12.      A trial payment plan was offered by SLS, but was rejected by the Debtor, who instead asserted many of the arguments later raised in the Adversary Complaint, including the unsubstantiated assertion that the loan had already been paid in full.

13.      The Court terminated loss mitigation on October 26, 2018, which was unsuccessful despite the offer of a trial modification.

14.      Shortly thereafter on December 21, 2018, the Debtor commenced the Adversary Proceeding (18-01141).

15.      SLS moved for summary judgment on November 11, 2019.  After significant additional briefing and argument, the Court granted the MSJ on December 15, 2020.

16.     The Debtor then proceeded with an appeal of the MSJ, while simultaneously seeking to amend the Complaint and completely reset the more than two year old adversary complaint.

17.     The Debtor's appeal of the MSJ remains pending, with Fay's Appellee Brief having been filed this past Friday, May 28, 2021.

18.     Fay opposes the Debtor's request for loss mitigation on numerous grounds.

19.     First, loss mitigation has already been completed on this Loan, and was unsuccessful.

20.     Second, this file is in active litigation, and Fay proposes that loss mitigation, which is a voluntary process, is not appropriate given the nature of the Debtor's repeated actions against the creditor.

21.     Third, based on the Debtor's conduct in the prior loss mitigation and in the adversary proceeding itself, Fay does not believe that the Debtor would participate in loss mitigation in good faith.

22.     Fay strongly suspects that the purpose of the Second Request is to further delay the file and prevent the secured creditor from exercising its state court rights with respect to the Property.


SPACE LEFT INTENTIONALLY BLANK

23.    Finally, the Debtor has been significantly affected by the COVD, and upon information and belief, the Debtor does not have sufficient income.  Additionally, the Loan itself is now several more years in default.

**WHEREFORE** the undersigned respectfully requests the Court to deny the Debtor's Request for Loss Mitigation and such other and further relief as may be just and proper.


Dated:  June 4, 2021
　　　　Merrick, New York　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　/s/ Robert W. Griswold
　　　　　　　　　　　　　　　　　　Robert W. Griswold
　　　　　　　　　　　　　　　　　　Bankruptcy Attorney
　　　　　　　　　　　　　　　　　　LOGS Legal Group LLP f/k/a Shapiro, DiCaro &
　　　　　　　　　　　　　　　　　　Barak, LLC
　　　　　　　　　　　　　　　　　　Attorneys for Fay Servicing, LLC as servicer for US
　　　　　　　　　　　　　　　　　　Bank Trust National Association, Not In Its Individual
　　　　　　　　　　　　　　　　　　Capacity But Solely As Owner Trustee For VRMTG
　　　　　　　　　　　　　　　　　　Asset Trust
　　　　　　　　　　　　　　　　　　175 Mile Crossing Boulevard
　　　　　　　　　　　　　　　　　　Rochester, New York 14624
　　　　　　　　　　　　　　　　　　Telephone: (585) 247-9000
　　　　　　　　　　　　　　　　　　Fax: (585) 247-7380

The LOGS Legal Group, LLP f/k/a Shapiro, DiCaro &
Barak, LLC
Attorneys for Fay Servicing, LLC as servicer for US Bank
Trust National Association, Not In Its Individual Capacity
But Solely As Owner Trustee For VRMTG Asset Trust
175 Mile Crossing Boulevard
Rochester, NY 14624
Telephone: (585) 247-9000, Fax: (585) 247-7380
**Robert W. Griswold**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

IN RE:

SEAN M. MURRAY,                                    CHAPTER 7

                                                   CASE NO. 17-44157

                         DEBTOR.

## AFFIRMATION OF SERVICE BY MAIL

I, Michael J. Chatwin, say, I am not a party to this action; I am over 18 years of age, I reside

in Rochester, New York.

On June 4, 2021 I served the within Opposition to Loss Mitigation  upon:

TO:    Debtor Appearing Pro Se
       Sean M. Murray
       P.O. Box 1110
       Attn: 2544
       Albany, NY 12201-1110


       Trustee
       Richard J. McCord
       Certilman Balin Adler & Hyman
       90 Merrick Avenue
       East Meadow, NY 11554


       U.S. Trustee
       Eastern District of New York (Brooklyn Office)
       U.S. Federal Office Building
       201 Varick Street, Room 1006
       New York, NY 10014

at the addresses designated by the foregoing individuals for that purpose by depositing a true copy of

same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive

care and custody of the United States Postal Service within the State of New York.

Date: __, 2021

> Michael J. Chatwin
> Bankruptcy Attorney
> LOGS Legal Group LLP f/k/a Shapiro, DiCaro
> & Barak, LLC
> Attorneys for Fay Servicing, LLC as servicer
> for US Bank Trust National Association, Not In
> Its Individual Capacity But Solely As Owner
> Trustee For VRMTG Asset Trust
> 175 Mile Crossing Boulevard
> Rochester, New York 14624
> Telephone: (585) 247-9000
> Fax: (585) 247-7380